```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| ZHENLU ZHANG | : |
|  | : |
| v. | : Civil Action No. DKC 2004-0434 |
|  | : |
| SCIENCE & TECHNOLOGY CORP., et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Age Discrimination in Employment Act case is a motion to reopen for the limited purpose of considering the pending motion for attorney's fees and costs by Defendant Science and Technology Corporation. The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will reopen the case and award Defendant $5,875 in attorney's fees. The matter of costs will be referred to the clerk.

**I.   Background**

On April 29, 2003, Plaintiff Zhenlu Zhang filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging age and race discrimination, as well as retaliation, against Defendants Computer Science Corporation (CSC) and Science and Technology Corporation (STC). The EEOC issued a right to sue letter on November 25, 2003. On February 19, 2004, Plaintiff filed suit in this court, alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 601

*et seq.*, and retaliation.  Plaintiff's counsel, Bryan Chapman, moved to withdraw on April 27, 2004.  (Paper 12).  This court granted the motion and Plaintiff proceeded pro se.  (Paper 20).  On June 14, 2004, Michael Coyle began representation of Plaintiff. After the close of discovery, in January 2005, the court granted Mr. Coyle's motion to withdraw, and Plaintiff again continued pro se. *(*Paper 60).

Shortly thereafter, Defendants STC and CSC filed separate motions for summary judgment. *(*Papers 65, 66).  On April 21, 2005, Plaintiff filed a motion entitled "Plaintiff's Urgent Motion Requesting the Court for help to take any legal activities immediately to control the attempted crime and protect Society Security and Plaintiff's life."  (Paper 96).  On August 10, 2005, this court granted both motions for summary judgment and directed the clerk to close this case.  (Paper 102).

On August 17, 2005, Plaintiff filed a motion to reassign the case, which was denied. (Papers 104, 105).  Plaintiff appealed the grant of summary judgment to the United States Court of Appeals for the Fourth Circuit, which affirmed the district court's decision in an unpublished opinion issued on April 5, 2006.  Defendant STC filed the instant motion to reopen the case to resolve the pending motion for attorney's fees and costs (paper 107) on August 28, 2006 (paper 120).

STC seeks an award of attorney's fees in the amount of $92,999 for work performed from April 2, 2004 through April 22, 2005. Defendant also seeks reimbursement for costs expended on photocopies, court reporter fees, interpreter services, and deposition transcripts in the amount of $4,741.85.

**II. Analysis**

Maryland follows the American Rule which provides that each party must bear its own attorney's fees and costs, absent explicit Congressional authorization to the contrary. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 269 (1975). Nevertheless, in certain circumstances, a prevailing defendant is entitled to recover reasonable attorney's fees and costs when a plaintiff continues to pursue unsupported claims. *Davis v. Target Stores Div. of Dayton Hudson Corp.,* 87 F.Supp.2d 492, 494 (D.Md. 2000).

Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., as amended, a district court may in its discretion award attorney's fees to a prevailing defendant if it finds the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 422 (1978). Numerous courts have applied the *Christiansburg* standard to ADEA cases and this court will do so as well. *See, e.g., Davis,* 87 F.Supp.2d at 495; *Colbert v. Yadkin*

*Valley Tel. Membership Corp.*, 960 F.Supp. 84, 86 (M.D.N.C. 1997); *Hoover v. Armco, Inc.*, 915 F.2d 355, 357 (8th Cir. 1990).

In determining whether a plaintiff's claim was frivolous, the court should not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-422.  Similarly, while a grant of summary judgment in defendant's favor is a minimum requirement for an award of attorney's fees against plaintiff, it cannot be the sole basis for such an award.  *See Colbert*, 960 F.Supp. at 86.

Arguably, Plaintiff's complaint was not groundless at the outset but eventually morphed into frivolous litigation.  At the conclusion of discovery, when Plaintiff's second attorney was permitted to withdraw (paper 60), marks the boundary in this case.

Plaintiff's various motions from January 19, 2005 until April 21, 2005, were for the most part frivolous.  During this period Defendant was required to file a motion for summary judgment, notice of appearance, response to a motion to stay all proceedings, response to Plaintiff's charge to the court and request for admonishment, motion to set time to file reply, and reply to Plaintiff's response to motion for summary judgment.  Some of these filings are a standard part of litigation and Defendant must be responsible for the attorney's fees incurred therefrom.  The motion filed on April 21, 2005, entitled "Plaintiff's Urgent Motion

4

Requesting the Court for help to take any legal activities immediately to control the attempted crime and protect Society Security and Plaintiff's life" (paper 96) was patently frivolous. What Plaintiff sought in this motion is unclear, as it appeared merely to contain additional arguments in opposition to Defendants' motions for summary judgment. Because Defendant does not seek attorney's fees for work completed after April 22, 2005, the court need not consider any of the subsequent litigation.

The amount of the fee award lies with the discretion of the court. To calculate an award of attorney's fees, the court generally should determine "a 'lodestar' figure by multiplying the number of reasonable hours expended times a reasonable rate." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Daly v. Hill,* 790 F.2d 1071, 1077 (4th Cir. 1986), *remanded sub nom. to Starnes v. Hill*, 635 F.Supp. 1270 (W.D.N.C. 1986)). The court may adjust this figure upward or downward to accommodate Plaintiff's financial condition, his motive in bringing the lawsuit, and the frivolousness of the case. *See Davis*, 87 F.Supp.2d at 496. Additionally, the court should consider the pro se status of the plaintiff and pay "deference to the cautionary consideration of not assessing plaintiff fees which may serve to discourage other plaintiffs with deserving claims from coming forward." *Colbert*, 960 F.Supp. at 88 (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

In light of this policy consideration, a defendant should take every measure to protect its costs from becoming exorbitantly high. Thus, a plaintiff should be liable only "for fees and expenses incurred by a defendant after it should have been apparent that further pursuit of the action would be frivolous." *Hamilton v. Daley*, 777 F.2d 1207, 1214 (7th Cir. 1985).

Accordingly, Defendant will be awarded attorney's fees for work related to Plaintiff's frivolous motion of April 21, 2005, as well as some of the time devoted to the filing of the summary judgment motion and responding to Plaintiff's other filings, after his second counsel was permitted to withdraw.  Defendant submits that attorney JC Miller devoted 48.2 hours to preparing the summary judgment motion, 12.6 hours responding to Plaintiff's motion to compel and motion for reconsideration, and 59 hours reviewing Plaintiff's opposition and preparing the reply.  Miller has extensive legal experience and her rate of $235 per hour is reasonable given the market rate for attorneys of her caliber in the Washington, D.C. area.  The hours requested, however, appear excessive.

Plaintiff continued this litigation after he should have known that it had become frivolous.  While a defendant should expect to incur some defense costs in any employment discrimination suit, Plaintiff's presentation impermissibly expanded the time necessary to demonstrate the weakness of his case. Given Plaintiff's limited

financial means and his sincere but misguided belief that he had been the victim of discrimination and retaliation, the court will award Defendant fees for 25 hours of attorney time.  Therefore, the court will award Defendant attorney's fees in the amount of $5,875.

Defendant also petitions the court to tax Plaintiff costs in the amount of $4,741.85.  (Paper 107, Ex. D).  Pursuant to Local Rule 109.1.a, Defendant filed a timely bill of costs on August 24, 2005.  Fed.R.Civ.P. 54(d)(1) provides that: "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"  The court will therefore refer the bill of costs to the clerk of the court for disposition.

                                        _____/s/_____
                                        DEBORAH K. CHASANOW
                                        United States District Judge